UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES J. JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:16-cv-01146-TWP-TAB |
| ) | |
| NEW CASTLE CORRECTIONAL ) | |
| FACILITY, ) | |
| *et al.* ) | |
| Defendants. ) | |

**Entry Discussing Amended Complaint and Directing Further Proceedings**

Plaintiff James Johnson, an inmate at the New Castle Correctional Facility, brings this action pursuant to 42 U.S.C. § 1983, alleges that his rights were violated when he was touched inappropriately during a search and that he was retaliated against when he complained about these actions. Johnson's motion to file an amended complaint [dkt 8] is **granted**.

**I. Screening of the Amended Complaint**

Because Johnson is a "prisoner" as defined by 28 U.S.C. § 1915(h), the amended complaint is subject to the screening requirement of 28 U.S.C. § 1915A(b). Pursuant to this statute, "[a] complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show that plaintiff is not entitled to relief." *Jones v. Bock,* 127 S. Ct. 910, 921 (2007). To survive a motion to dismiss, the complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (quotations omitted). Pro se complaints such as that filed by the plaintiff, are construed liberally and held to a

less stringent standard than formal pleadings drafted by lawyers. *Erickson*, 551 U.S. at 94; *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

Based on this screening, the following claims **shall proceed**:

Johnson's claim that defendant Correctional Officer R. Prus touched him inappropriately during a search **shall proceed** as a claim that Prus performed a search in a manner designed to humiliate Johnson in violation of the Eighth Amendment. *See Calhoun v. DeTella*, 319 F.3d 936, 940 (7th Cir. 2003).

Johnson's claim that Officer Prus fired Johnson from his prison job because Johnson filed a complaint, **shall proceed** as a claim that Prus retaliated against Johnson in violation of his First Amendment rights.

Johnson's claim against GEO that it maintained a policy of lying about complaints against Prus **shall proceed** as a claim that GEO was deliberately indifferent to the risk of harm to Johnson.

All other claims are **dismissed**.

First, any challenge to the disciplinary action taken against Johnson must be **dismissed.** The settled law in these circumstances is that when a prisoner makes a claim that, if successful, could shorten his term of imprisonment, the claim must be brought as a habeas petition, not as a § 1983 claim. *Heck v. Humphrey,* 512 U.S. 477 (1994). In *Edwards v. Balisok,* 520 U.S. 641 (1997), the foregoing rule was "extend[ed] . . . to the decisions of prison disciplinary tribunals." *Gilbert v. Cook*, 512 F.3d 899, 900 (7th Cir. 2007). Accordingly, claims against defendants are dismissed without prejudice insofar as those claims are based on actions which resulted in the imposition of a sanction which lengthened the anticipated duration of Johnson's confinement. The proper remedy for a challenge to a person's custody is through habeas corpus, not a civil rights action. *Nelson v. Campbell,* 541 U.S. 637, 646 (2004) ("[D]amages are not an available habeas remedy.");

*Wolff v. McDonnell*, 418 U.S. 539, 554 (1974) ("[H]abeas corpus is not an appropriate or available remedy for damages claims.").

Any claim that Anna Dock interfered with his ability to return to his prison job is **dismissed** because a prisoner has no property or liberty interest in retaining any particular job in prison. *Wallace v. Robinson*, 940 F.2d 243, 247 (7th Cir. 1991).

The claim that Dawn Ellis and Case Manager McDonald failed to investigate the claims against Johnson when he tried to return to his prison job is **dismissed** because there is no constitutional right to a proper investigation. *See Rossi v. City of Chicago*, 790 F.3d 729, 735 (7th Cir. 2015)

Next, any claim that Brook Pierce permitted inappropriate language in the kitchen fails to state a claim upon which relief can be granted. *See DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) ("Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws."). The only claim against Pierce Salvage Yard is that Ms. Pierce told Johnson that her family owns Pierce Salvage Yard. This claim fails because there is no allegation that Pierce Salvage Yard is a state actor for purposes of § 1983 or otherwise participated in any violation of Johnson's rights. *See West v. Atkins*, 487 U.S. 42, 48 (1988) (To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law).

Any claim against Aramark must also be **dismissed** for the same reasons that the claims against Aramark employees have been dismissed. Further, while Johnson alleges wrongdoing on the part of Aramark employees, he does not sufficiently allege that Aramark maintained a policy

or practice that resulted in the violation of his rights. *See Rodriguez v. Plymouth Ambulance Serv.,* 577 F.3d 816 (7th Cir. 2009).

Any claim against D. Clack and Ms. Randall must be **dismissed** because Johnson does not allege any wrongdoing on the part of these defendants in his complaint. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) ("Where a complaint alleges no specific act or conduct on the part of the defendant and the complaint is silent as to the defendant except for his name appearing in the caption, the complaint is properly dismissed.").

Any claim against Keith Butts must be **dismissed** because Johnson's allegations do not suggest a plausible basis for concluding that this supervisory defendant caused or participated in the alleged constitutional deprivations. *See Wolf-Lillie v. Sonquist,* 699 F.2d 864, 869 (7th Cir. 1983); *Johnson v. Snyder,* 444 F.3d 579, 583-84 (7th Cir. 2006).

Any claim against the Indiana Department of Correction must be **dismissed** because because such claims are barred by the Eleventh Amendment to the United States Constitution, and the doctrine of sovereign immunity. See *Kentucky v. Graham*, 473 U.S. 159, 165-67 and n.14 (1985) (suit for damages against state officer in official capacity is barred by the Eleventh Amendment); *see also Omosegbon v. Wells,* 335 F.3d 668, 673 (7th Cir. 2003) (the state is not a "person" that can be sued under 42 U.S.C. § 1983). The claims against New Castle Correctional Facility are **dismissed** because this facility is not a "person" subject to suit pursuant to 42 U.S.C. § 1983.

## II. Further Proceedings

As discussed above, Johnson's claim of improper touching in violation of the Eighth Amendment and his retaliation claim **shall proceed** against defendant R. Prus. His claim of deliberate indifference in violation of the Eighth Amendment **shall proceed** against GEO.

All other claims are **dismissed**. The **clerk shall** terminate all other defendants from the docket.

If Johnson believes he raised a claim that was not addressed in this Entry, he shall have **through October 17, 2016**, in which to notify the Court.

The **clerk is designated** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to defendants Prus and GEO in the manner specified by Rule 4(d). Process shall consist of the amended complaint filed on July 13, 2016, (docket 8 and 8-1), applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**IT IS SO ORDERED.**

Date: 9/19/2016

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JAMES J. JOHNSON
204136
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

R. Prus
GEO Group

New Castle Correctional Facility
1000 Van Nuys Road
PO Box A
New Castle, IN 47362