UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES J. JOHNSON, | ) |
| Plaintiff, | ) |
| vs. | ) No. 1:16-cv-01146-TWP-TAB |
| G.E.O. and R. Prus, | ) |
| Defendants. | ) |

**Entry on Pending Motions**

**I.**

The Court has considered plaintiff Johnson's motion for appointment of counsel. For the following reasons, the motion [dkt 25] is **denied** for the present time.

Pursuant to 28 U.S.C. § 1915(e)(1), courts are empowered only to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989). If this Court had enough lawyers willing and qualified to accept a pro bono assignment, it would assign a pro bono attorney in almost every pro se case. But there are not nearly enough attorneys to do this. As a result, this Court has no choice but to limit appointment of counsel to those cases in which it is clear under the applicable legal test that the plaintiff must have the assistance of a lawyer. "When confronted with a request . . . for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654-655 (7th Cir. 2007).

Johnson has shown that he has made reasonable efforts to attempt to obtain counsel on his own. He should continue these efforts. The Court proceeds to the second inquiry required in these

circumstances. Here, the Court must analyze Johnson's abilities as related to "the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. Accordingly, the question is not whether an attorney would help the plaintiff's case, but whether, given the difficulty of the case, the plaintiff seems competent to litigate it himself. *Id.* at 653-655.

The Court will not make an outright request that counsel represent Johnson at this time. The issues raised in this complaint are not complex. In addition, based on Johnson's comprehensible filings, his use of the court's processes, his familiarity with the factual circumstances surrounding his claims, the plaintiff is competent to litigate on his own.

The court will, however, be alert to the possibility of recruiting representation for Johnson at trial or at other points in the case where his incarceration and pro se status would make it particularly difficult for him to proceed without representation and to the possibility at those points where the assistance of counsel would be a benefit of both Johnson and the court in the presentation of the case. If Johnson wishes to renew his motion for counsel, he should consider using the enclosed form Motion for Assistance with Recruiting Counsel.

## II.

Johnson seeks an order from the Court directing G.E.O. to release certain camera footage. The request [dkt 27] is understood to be a request for discovery and is **denied** because Johnson has not shown that he has previously requested the discovery from the defendant. However, **G.E.O. is directed to respond** to request as though it were a properly served discovery request. Johnson is reminded that future discovery requests should be served only on the party from whom discovery is sought and not filed with the Court.

**III.**

Johnson's response to the Court's entry directing development of the exhaustion defense is unnecessary. The affirmative defense has been withdrawn. Accordingly, the response (dkt 28) is of **no effect**.

**IV.**

Johnson also seeks reconsideration of the Entry Discussing Amended Complaint in which the Court dismissed certain of his claims and allowed others to proceed. But Johnson has demonstrated no error in that Entry. Accordingly, the motion for reconsideration [dkt 29] is **denied**.

**IT IS SO ORDERED.**

Date: 1/17/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JAMES J. JOHNSON
204136
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

All electronically registered counsel