UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JAMES J. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:16-cv-01146-TWP-TAB |
| | ) | |
| G.E.O. and R. Prus, | ) | |
| Defendants. | ) | |

**Entry Denying Motion for Assistance with Recruiting Counsel**

Plaintiff James Johnson has renewed his request that the Court assist him with recruiting counsel to represent him in this case. The motion has been considered. Pursuant to 28 U.S.C. § 1915(e)(1), courts are empowered only to "request" counsel. *Mallard v. United States District Court*, 490 U.S. 296, 300 (1989).

"When confronted with a request . . . for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654-655 (7th Cir. 2007). The court must deny "out of hand" a request for counsel made without a showing of such effort. *Farmer v. Haas*, 990 F.2d 319 (7th Cir.), *cert. denied*, 114 S. Ct. 438 (1993). The plaintiff asserts that he has been unsuccessful in recruiting representation on his own. Although the Court concludes, based on the above filing, that Johnson has made a reasonable effort to secure representation, he should continue those efforts.

The Court proceeds to the second inquiry required in these circumstances. Here, the Court must analyze the plaintiff's abilities as related to "the tasks that normally attend litigation: evidence

gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. Accordingly, the question is not whether an attorney would help the plaintiff's case, but whether, given the difficulty of the case, the plaintiff seems competent to litigate it himself. *Id.* at 653-655.

The Court will not make an outright request that counsel represent Johnson at this time. The issues raised in this complaint – that Johnson was inappropriately touched and retaliated against – are not complex and Johnson should be aware of the facts surrounding these claims. Based on Johnson's comprehensible filings, his use of the court's processes, his familiarity with the factual circumstances surrounding his claims, the Court finds that he is competent to litigate on his own.

For these reasons, the renewed motion for counsel [dkt 33] is **denied**.

**IT IS SO ORDERED.**

Date: 2/23/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Adam Garth Forrest
BOSTON BEVER KLINGE CROSS & CHIDESTER
aforrest@bbkcc.com

JAMES J. JOHNSON
204136
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362